**Veronica PRASAD, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 05–72608, 05–75855.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Veronica Prasad, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal (No. 05–72608), and denying her motion to reopen proceedings to adjust status (No. 05–75855). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004). We deny the petitions for review.

Substantial evidence supports the IJ's denial of asylum because the vandalism and robberies Prasad suffered in Fiji did not rise to the level of persecution, *see Singh v. INS,* 134 F.3d 962, 967–68 (9th Cir.1998), and she failed to establish a well-founded fear of future persecution, *see*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (fear of persecution undercut where similarly-situated family remain without harm).

Because Prasad failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

The BIA did not abuse its discretion in denying Prasad's motion to reopen to apply for adjustment of status where Prasad did not show prima facie eligibility for the relief sought. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.